SUMMARY ORDER

Petitioners Sadik and Ramiz Ljikovic, natives and citizens of Montenegro, seek review of the April 10, 2008 order of the BIA affirming the June 12, 2006 decision of Immigration Judge (“IJ”) Noel A. Ferris denying Petitioners’ applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Sadik Ljikovic, Ramiz Ljikovic, No. A95 478 592/A75 897 609 (B.I.A. Apr. 10, 2008), aff'g No. A95 478 592/A75 897 609 (Immig. Ct. N.Y. City, Jun. 12, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA affirms the IJ’s decision in all respects but one, this Court reviews the IJ’s decision as modified by the BIA decision.[1] Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
In its decision, the BIA assumed “that the applicants provided credible testimony and have established past persecution” and affirmed the IJ based on “a fundamental change in circumstances” establishing that there was no longer a well founded fear of persecution in Montenegro. We find that conclusion is not supported by substantial evidence.
The problem with the BIA’s finding is that Petitioners had asserted two grounds of past persecution and risk of future persecution. One, made in somewhat different ways by both Ramiz and Sadik, was that they were persecuted for having evad *565 ed unjust military conscription. The other, again made in somewhat different ways by both, was that they had been maltreated because they were Muslim and Albanian.
As to the first, the change in government in Montenegro and Montenegrin independence from Serbia, followed by an amnesty for those who had refused military service, suffices to meet the Government’s burden of showing changed circumstances. But as to the second, that Petitioners had been mistreated because of their religion and ethnicity and that the government either could not or would not do anything about it, the Government has not satisfied its burden. Muslims and Albanians remain a minority in Montenegro. As such, it is a country in which one cannot assume that the change in government means that this second leg of Petitioners’ (assumed to be true) persecution is no longer there. And the country reports presented by the Government, which has the burden to demonstrate changed conditions, do not show a fundamental change. See Alibasic v. Mukasey, 547 F.3d 78, 84-87 (2d Cir.2008).
This is not to say that more recent evidence could not demonstrate changed conditions in Montenegro. Nor, of course, does it mean that the BIA cannot find that Petitioners failed to demonstrate past persecution. But where, as in the BIA’s decision, it is assumed that Petitioners established past persecution, the fact that Montenegro is now independent and the country reports that were presented are not enough to satisfy the Government’s burden to show a fundamental change.
For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further consideration.

. Because the BIA assumed for the purposes of its analysis that the Petitioners had suffered past persecution, we do the same.